IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 27 2011

GREGORY C. LANGHAM
                                    CLERK

Civil Action No. 11-cv-01756-BNB

MARCUS LELAND FREEMAN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, et. al,
WOOLSTON, Vocational Instructor, and
ONE UNKNOWN NAMED FED BUREAU OF PRISON [OFFICER],

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Marcus Leland Freeman, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Freeman initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on July 5, 2011. Mr. Freeman has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

    The Court will construe the Complaint liberally because Mr. Freeman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has

reviewed the Complaint and has determined that it is deficient. Mr. Freeman therefore will be directed to file an Amended Complaint for the reasons discussed below.

Mr. Freeman asserts three claims in this action. In general, he asserts that he was assaulted on two occasions by Defendants Woolston and One Unknown Named Fed. Bureau of Prison[s] [Officer]. As relief, Mr. Freeman seeks damages in addition to injunctive relief.

However, Mr. Freeman's **Bivens** claim against the Bureau of Prisons is barred by sovereign immunity. A **Bivens** action may not be brought against federal agencies or agents acting in their official capacities. **Hatten v. White**, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing **Federal Deposit Ins. Corp. v. Meyer**, 510 U.S. 471, 483-86 (1994)). Therefore, Mr. Freeman may not sue the Bureau of Prisons in this action.

Second, Mr. Freeman is also directed that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). **Id.** Mr. Freeman must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson,** 614 F.3d 1185, 1199 (10th Cir. 2010).

Finally, in order to state a claim in federal court, Mr. Freeman "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Freeman may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Freeman uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Marcus Leland Freeman, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Freeman, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Freeman fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED July 27, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01756-BNB

Marcus Leland Freeman
Reg No. 29129-077
US Penitentiary
P.O. Box 7000
Florence, CO 81226-7000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 27, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk