## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01756-DME-MJW

MARCUS LELAND FREEMAN,

      Plaintiff,

v.

WOOLSTON, Vocational Instructor, and
LIKEN, Education Department,

      Defendants.

---

### PROTECTIVE ORDER ( Docket No 57-1 )

---

Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of a Protective Order to protect the production, discovery, and dissemination of confidential information and/or sensitive data or records, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to shall apply to all documents, materials and/or information, including without limitation, documents produced, video materials, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   If Defendants produce to Plaintiff a document that would otherwise be protected by the Privacy Act, this order is an order of the court pursuant to 5 U.S.C. § 552a(b)(11) which allows for such production.

4.   Information designated "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE" (collectively "CONFIDENTIAL Information") pursuant to this Protective Order includes information that implicates institutional security and safety, information concerning the institutional adjustment of Plaintiff, information that is law enforcement sensitive or implicates law enforcement techniques, information involving personal security and safety, confidential medical information and/or information that may be protected by the Privacy Act of 1974.

5.   CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation of the case for trial (including, but not limited to, the filing of any pleadings or pre-trial motions), trial and appeal, if any.  The protections granted by this Protective Order shall not be waived.

6.   CONFIDENTIAL Information may be reproduced electronically for litigation management purposes only.  Electronically reproduced CONFIDENTIAL Information must retain the mark "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE."

7.   CONFIDENTIAL Information may be reviewed by Plaintiff but may not be retained by Plaintiff in his cell.

8.      In addition to the restrictions set forth in Paragraph and 7, CONFIDENTIAL Information

shall not, without the consent of the party producing it or further Order of the Court, be

disclosed to any person, except that such information may be disclosed to:

   a.      attorneys actively working on this case;

   b.      persons regularly employed or associated with the attorneys actively working on

          the case, including in-house counsel and agency counsel, whose assistance is

          required by said attorneys in the preparation for trial, at trial, or at other

          proceedings in this case;

   c.      expert witnesses and consultants retained in connection with this proceeding, to

          the extent such disclosure is necessary for preparation for trial, at trial, or at other

          proceedings in this case;

   d.      witnesses or court reporting personnel at a deposition;

   e.      the Court and necessary Court staff, pursuant to Paragraphs 11, 12 and 13; and

   f.      other persons by written agreement of the parties.

9.      Prior to disclosing any CONFIDENTIAL Information to any person listed in Paragraphs

8(c), 8(d), and/or 8(f), counsel (or any *pro se* party) shall provide such person with a copy

of this Protective Order and obtain from such person a written acknowledgment stating

that he or she has read this Protective Order and agrees to be bound by its provisions.  All

such acknowledgments shall be retained by counsel (or any *pro se* party) and shall be

subject to inspection by counsel (or any *pro se* party) upon court order or by agreement of

counsel (or any *pro se* party).

10.  Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE," and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE" after transcription, provided written notice of the designation is promptly given to all counsel of record (or any *pro se* party) within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.  In the event that a party desires to use CONFIDENTIAL Information as an exhibit to a Court document, the CONFIDENTIAL Information shall be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2 and must retain the mark "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE."

12.  If additional disclosure is needed of CONFIDENTIAL Information, counsel (or any *pro se* party) for the party seeking additional disclosure will contact counsel (or any *pro se* party) for the producing/designating party to work out an appropriate procedure for such disclosure.  If the parties cannot resolve the dispute within thirty (30) days, either party may file an appropriate motion with the Court.  Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion.  If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2, and must retain the

mark "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE."

13. A party may object to the designation of CONFIDENTIAL Information by giving written notice to the counsel (or any *pro se* party) for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) days after the time the notice is received, it shall be the obligation of the party objecting to the CONFIDENTIAL Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Said motion may attach the disputed CONFIDENTIAL Information as an exhibit to the motion. If the disputed CONFIDENTIAL Information is attached as an exhibit to such a motion, it shall be filed as a restricted document in accordance with D.C.Colo.LCivR 7.2, and must retain the mark "CONFIDENTIAL," or "CONFIDENTIAL - NOT TO BE RETAINED BY INMATE." If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL Information under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL Information.

14. At the conclusion of this case, unless other arrangements are agreed upon, each party's counsel (or any *pro se* party) shall immediately return all CONFIDENTIAL Information to the producing party, or shall destroy it or delete it, if the CONFIDENTIAL Information

is electronically stored. If a party chooses destruction of the CONFIDENTIAL

Information, the party shall promptly provide the other parties with an affidavit

confirming the destruction or deletion. The termination of this action shall not relieve

counsel (or any *pro se* party) or other persons obligated hereunder from their

responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant

to this Protective Order.

15.   Any inadvertent disclosure or production of information that is law enforcement sensitive

or that is entitled to work-product protection, or that is protected by any privilege,

including the attorney-client, deliberative process and/or law enforcement privileges,

shall not constitute a waiver of any available protection or privilege by the party who

made the inadvertent disclosure or production. *See* Fed. R. Civ. P. 26(b)(5); Fed. R.

Evid. 502.

16.   This Protective Order may be modified by the Court at any time for good cause shown

following notice to all parties and an opportunity for them to be heard.

DATED this 26 day of January, 2012.

BY THE COURT:

MICHAEL J. WATANABE
United States Magistrate Judge