IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01756-DME-MJW

MARCUS L. FREEMAN,

Plaintiff,

v.

WOOLSTON, Vocational Instructor, and
LIKEN, Education Department,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Pro Se Incarcerated Plaintiff's Motion to Request In Camera Review Under 28 U.S.C. § 636(e) (docket no. 114) is **DENIED** for the following reasons.

Plaintiff requests that this court conduct an *in camera* review of document Bates number BOP00944.  The files mentioned in the email located in Bates number BOP00944 do not relate to the Pro Se Incarcerated Plaintiff.  See Surreply and exhibits attached (docket no. 113).  Further, Defendants have already produced a copy of BOP00944 as an exhibit to the Surreply (docket no. 113).  The July 6, 2010, use of force packet and associated videos have already been reviewed by the Pro Se Incarcerated consistent with the Protective Order (docket no. 69).  As to the eighteen pages of redacted or partially redacted documents in which Defendants have claimed privilege [i.e., Privacy Act and the Law Enforcement Privilege], Defendants' counsel has already provided the Pro Se Incarcerated Plaintiff with a written privilege log.  See exhibit A-4 & Exhibit A-5 to docket no. 113.  The Pro Se Plaintiff has not asserted that such privileges as asserted by Defendants are not legitimate.  Accordingly, the subject motion (docket no. 114) should be DENIED.

It is **FURTHER ORDERED** that the Pro Se Incarcerated Plaintiff's Motion Compel Discovery Material Pursuant to the Federal Rules of Civil Procedure (docket no. 100) is **DENIED** for the following reasons.

I find that the subject motion (docket no. 100) does not specify or detail what "discovery material" the Pro Se Incarcerated Plaintiff seeks to compel nor does it indicate which papers may be missing in a specific document that has been disclosed

2

by Defendants as required under D.C.COLO.LCivR 37.1. Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se plaintiffs are held to the same rules of procedure which apply to other litigants); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998); People v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986). It is not the proper function of the district court to assume the role of advocate for the pro se litigant. Gibson v. City of Cripple Creek, 48 F.3d 1231 (10th Cir. 1995).

I further find that the Pro Se Incarcerated Plaintiff is not arguing that he did not receive Defendants' documents with Bates numbers BOP0001 through BOP0891, inclusive, nor is he arguing that he did not have an opportunity to review documents Bates numbers BOP0892 through BOP1006, inclusive, which are subject to the Protective Order - Not to be Retained by Inmate. See docket no. 69. These documents [Bates numbers BOP0892 through BOP1006, inclusive] include disciplinary documents and the Use of Force packets relating to the incidents at issue in this case. Moreover, I find that Defendants' counsel, as an officer of the court, has stated in the response (docket no. 102) that she has confirmed with BOP staff that Plaintiff had the opportunity to review these documents [Bates numbers BOP0892 through BOP1006 inclusive] from May 22 to May 24, 2012. See response (docket no. 102) at page 2. Accordingly, I concluded that the Pro Se Incarcerated Plaintiff has failed to meet his burden of proof for an Order compelling discovery under Fed. R. Civ. P. 37. Nevertheless, noting that the Pro Se Plaintiff is incarcerated and in the interest of justice and fundamental fairness, the Pro Se Incarcerated Plaintiff should be permitted to review for a second time those documents [Bates numbers BOP0892 through BOP1006 inclusive] that are subject to the Protective Order (docket no. 69).

It is therefore **ORDERED** that the BOP Staff shall, within 15 days from the date of this minute order, make those documents [Bates numbers BOP0892 through BOP1006 inclusive] that are subject to the Protective Order (docket no. 69) and not to be Retained by Inmate [Pro Se Incarcerated Plaintiff] available for further review by the Pro Se Incarcerated Plaintiff. The Pro Se Incarcerated Plaintiff shall be given an additional six hours to review these documents over the next 15 days at times determined by the correctional facility staff.

Date: July 11, 2012