IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01756-DME-MJW

MARCUS LELAND FREEMAN,

Plaintiff,

v.

WOOLSTON, Vocational Instructor, and
LIKEN, Education Department,

Defendant(s).

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR RECONSIDERATION TO THE ORDER ENTERED (DOC. 118)[SIC] TO DENY THE PLAINTIFF RELIEF IN THE MATTERS OF DISCOVERY (DOC. 100)[SIC] AND IN CAMERA REVIEW (DOC. 114)[SIC]
(DOCKET NO. 122)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for consideration on Plaintiff's Motion for Reconsideration to the Order (Doc 118)[sic] to Deny the Plaintiff Relief in the Matters of Discovery (Doc. 100)[sic] and In Camera Review (Doc.114)[sic] (docket no. 122).  The court has considered the subject motion (docket no. 122) and the response (docket no. 125) thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado.

3. That each party has been given a fair and adequate opportunity to be heard.

4. That "[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration." <u>Hawkins v. Evans</u>, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." <u>Gagliardi v. Duran</u>, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." <u>Id.</u> (quoting <u>Raytheon Constructors, Inc. v. Asarco Inc.</u>, 368 F.3d 1214, 1217 (10th Cir. 2003); <u>National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc.</u>, 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" <u>National Bus. Brokers</u>, 115 F. Supp.2d at 1256 (quotation and internal

3

quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

5. That my Order (dated July 11, 2012 - docket no. 118) outlines, in detail, the factual and legal basis of my decision on the Defendant's prior motions (docket nos. 114 and 100) which is the subject matter of the subject motion (docket no. 122). The Pro Se Incarcerated Plaintiff never filed any timely Objection to such Order (docket no. 118) as permitted under Fed. R. Civ. P. 72. See docket sheet. Instead, the Pro Se Incarcerated Plaintiff filed the subject motion (docket no. 122). The three major grounds that justify reconsideration are : (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Shields v. Shelter, 120 F.R.D. 123, 126 (D. Colo. 1988). Here, I find that the Pro Se Incarcerated Plaintiff has failed to demonstrate any basis in law or fact for this court to reconsider my Order (docket no. 118), and the Pro Se Incarcerated Plaintiff has further failed to justify reconsideration of my Order (docket no. 118) under Shield. Id.

**ORDER**

4

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That on Plaintiff's Motion for Reconsideration to the Order (Doc. 118)[sic] to Deny the Plaintiff Relief in the Matters of Discovery (Doc. 100)[sic] and In Camera Review (Doc. 114)[sic] (docket no. 122) is DENIED; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of July 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE