**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01756-DME-MJW

MARCUS LELAND FREEMAN,

    Plaintiff,

v.

WOOLSTON, Vocational Instructor,
LIKENS, Educational Department,

    Defendants.

---

**ORDER DENYING JURY DEMAND**

---

This matter comes before the Court on Plaintiff Marcus Freeman's "Demand for Jury Trial Pursuant to Rule 38 and 39." (Doc. 211.) Defendants do not object to Freeman's demand for a jury trial. Nonetheless, the Court DENIES the jury demand as untimely.

Rule 38(b), Fed. R. Civ. P., provides in pertinent part that, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." "[T]he last pleading directed to the issue" includes a complaint, a third party complaint, or an answer to a complaint, third-party complaint, counterclaim, or cross-claim. See United States v. Anderson, 584 F.2d 369, 372 & n.4 (10th Cir. 1978) (noting that serving pleadings listed in Fed. R. Civ. P. 7(a) triggers the time to serve a jury demand).

In this case, Defendants served their answer to Freeman's complaint in December 2011. Freeman did not serve and file his jury demand until April 15, 2013, well past the fourteen days Rule 38(b) provides. Freeman has, therefore, waived his right to a jury. See Fed. R. Civ. P. 38(d); see also Jolivet v. Deland, 966 F.2d 573, 577-78 (10th Cir. 1992). This matter, therefore, must be tried to the court. See Fed. R. Civ. P. 39(b).

The Court does have discretion, pursuant to a motion made under Rule 39(b), to permit a jury trial even though there has not been a proper demand for one. See Dill v. City of Edmond, 155 F.3d 1193, 1208 (10th Cir. 1998). Even if this Court construed Freeman's jury demand to be such a motion, however, the Court would decline to exercise its discretion to permit a jury trial under the circumstances presented here. Freeman is an inmate currently incarcerated in Pennsylvania and conducting this case pro se. Freeman's custodian, the federal Bureau of Prisons ("BOP"), has indicated, in the final pretrial order filed in this case, that while the BOP does not object to transporting Freeman to Colorado for trial, the BOP may not have sufficient economic resources to do so. Under these circumstances, the Court will not exercise its discretion to permit a jury trial after Freeman waived his right to one. This denial of a jury trial is without prejudice to Freeman raising his request again, should an attorney agree to try the case for Freeman.

For these reasons, then, the Court DENIES Freeman's jury demand. (Doc. 211.)

Dated this ⎯21st⎯ day of ⎯⎯May⎯⎯, 2013.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE